# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00643-CV

**In the Matter of G.J.F.**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-07-0713-AG, HONORABLE PAMELA TALLEY, ASSOCIATE JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The Office of the Attorney General of Texas appeals from the trial court's signing of an Order Confirming Non-Agreed Child Support Review Order and a Final Child Support Review Order. The attorney general contends that the associate judge abused her discretion by (1) holding a hearing on a non-agreed child support order absent a request for a hearing, and (2) signing the non-agreed child support order after deleting certain portions of the proposed order. None of the other affected parties have filed any briefing or other response in this appeal. We affirm.

This appeal arises from the attorney general's petition for confirmation of a non-agreed child support order for the benefit of G.J.F. under chapter 233 of the family code. *See* Tex. Fam. Code Ann. §§ 233.001-.029 (West 2002 & Supp. 2008). The purpose of the chapter is to enable "expedited administrative actions to establish, modify, and enforce child support and medical support obligations, to determine parentage, or to take any other action authorized or required under Part D, Title IV, of the federal Social Security Act (42 U.S.C. Section 651 et seq.),

and Chapter 231."[1]  *See id.* § 233.001(a) (West 2002).  The attorney general is the Title IV-D agency for Texas.  *Id.* § 231.001 (West 2002).  A child support review order issued under chapter 233 must include "all provisions that are appropriate for an order under this title, including current child support, medical support, a determination of any arrearages or retroactive support, and, if not otherwise ordered, income withholding."  *Id.* § 233.017(a) (West 2002).

When notice is given to the parties of the filing of a petition for confirmation of a non-agreed order, a party may request a court hearing not later than the 20th day after the date the petition was delivered to the party.  *Id.* § 233.023 (West 2002).  If a party requests a hearing, the court can either sign the proposed order, sign a different order, or deny all relief requested.  *Id.* § 233.027 (West Supp. 2008).  "A court may not hold a hearing on the confirmation of a nonagreed child support review order if a party does not timely request a hearing as provided by Section 233.023."  *Id.* § 233.026(b) (West Supp. 2008).  If no request for a hearing is timely

---

[1]  The United States Code provides as follows:

> For the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available under this part [42 USCS §§ 651 et seq.] to all children (whether or not eligible for assistance under a State program funded under part A [42 USCS §§ 601 et seq.]) for whom such assistance is requested, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part [42 USCS §§ 651 et seq.].

42 U.S.C. § 651.  This statute appears in Title 42, Chapter 7, Subchapter IV (Grants to States for Aid and Services to Needy Families with Children and for Child-Welfare Services), Part D (Child Support and Establishment of Paternity).  Chapter 231 of the Texas Family Code concerns "Title IV-D services" concerning child support.  *See* Tex. Fam. Code Ann. §§ 231.001-.309 (West 2002 & Supp. 2008).

received, "the court shall confirm and sign a nonagreed child support review order not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." *Id.* § 233.0271(a) (West 2002).

In this case, the petition recites that, although duly notified, neither parent appeared at the negotiation conference. The order attached to the petition includes findings regarding paternity, conservatorship, possession and access, current child support (set at $663 per month beginning June 1, 2007), health insurance, and retroactive child support ($5,304) calculated from ten days after the child was born. Attached to the petition were the father's acknowledgment of paternity, signed three days after the child was born, and an investigative report stating the father's average monthly gross income is $4,410.52.

The attorney general asserts that the court abused its discretion by holding a hearing on the non-agreed child support order. *See id.* § 233.026(b). Although no party requested a hearing, the associate judge held one. In such a circumstance, the family code expressly prohibits the court from holding a hearing on the non-agreed child support order. *Id.* To the extent that the hearing concerned the confirmation of the non-agreed child support order,[2] the court erred by holding a hearing. However, because there is no showing that the error in holding a hearing either (1) probably caused the rendition of an improper judgment or (2) probably prevented the attorney general

---

[2] The trial court's hearing notice did not specify the reason for the hearing. The court's order signed November 21, 2007, indicates that the court set the hearing to explore items in the child support review order that the court believed either were not supported by documentary evidence (retroactive child support) or were not properly part of a non-agreed child support review order when the parents did not participate in the negotiation conference (conservatorship and possession).

from properly presenting this appeal, the judgment may not be reversed on the basis of this error. *See* Tex. R. App. P. 44.1(a).

The attorney general next asserts that the trial court abused its discretion by "refusing to sign the child support review order that the Attorney General had asked to be confirmed and by signing a different order instead." The attorney general relies on section 233.0271(a) of the family code, which provides that, "[i]f a request for hearing has not been timely received, the court shall confirm and sign a nonagreed child support review order not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." Tex. Fam. Code Ann. § 233.0271(a). The attorney general argues that the court's failure to confirm and sign the attorney general's proffered order in exactly the form proposed:

> creates a due process problem because the parties might not have requested a hearing because they have decided that they are satisfied with the child support review order which the Attorney General had asked to be confirmed. But they might *not* be satisfied with the order that the court changed sua sponte. . . . A sua sponte revision of the order without notice to the parties deprives the parties of a basic element of due process: notice and an opportunity to be heard.

The attorney general requests that we reverse the trial court's order and render judgment confirming the order it proposed to the trial court.

We do not find a basis for reversal in this record. The statute requires that the trial court sign "a nonagreed child support review order." *Id.* The statute does not require that the court sign any non-agreed child support review order that is proposed to the court without review or alteration even if the order is not supported by required documentary evidence or statutory authority. Had the legislature intended for non-agreed child support review orders to be confirmed

4

without any scrutiny whatsoever by the court regardless of the content of the proposed order, such an extraordinary intention would need to be apparent from the text of the statute.[3] If that were the legislature's intention, there would be no purpose for the statute's requirement that the attorney general attach to its petition for confirmation of a non-agreed order specific documentary evidence supporting the order. *See id.* § 233.020(b) (West 2002). The legislature could have allowed the attorney general to wait until a party requested a hearing before producing the documentary evidence. It did not. The legislature must have envisioned that courts would, even in cases where no hearing is requested, examine the contents of the non-agreed child support order and the documentary evidence supporting the petition to be sure the order complies with statutory requirements. Under the attorney general's interpretation, courts could be required to confirm and sign orders that include elements unsupported by any evidence or that range far beyond the scope of child support issues—elements that might prove harmful to the child's best interest. We conclude that a court declining to simply sign a non-agreed child support order proposed by the attorney general, without more, is not a violation of section 233.0271(a).

In this case, the associate judge signed orders entitled "Order Confirming Non-Agreed Child Support Review Order (After Hearing)" and "Final Child Support Review Order." The court's order includes provisions establishing paternity and providing for current child support and health insurance. The court interlineated a statement explaining why it did not include certain elements in the signed order that were included in the order proposed by the attorney general:

---

[3] For example, there could well be separation of powers issues should the legislature have intended to require a court to approve and sign an order presented by an agency of the executive branch without any scrutiny or regard to its content.

5

"The Court declines to enter any orders regarding conservatorship, retroactive support or visitation as no evidence is before the Court on said issues. These issues are reserved for hearing upon petition of either party." The court later explained in an order signed November 21, 2007, that at the August hearing it found that the

> Attorney General lacked standing to request relief as to conservatorship and possession of the child and further that even if the Attorney General had standing to request relief as to conservatorship and possession of the child, that there was no documentary evidence filed with the Petition to support findings/orders concerning conservatorship and possession and no evidence was presented at the hearing concerning conservatorship and possession. The Court further found that the Attorney General did not have an interest in the issue of retroactive child support and further than even if the Attorney General had an interest in the retroactive child support, that there was no documentary evidence filed with the Petition to support findings/order concerning retroactive child support and that no evidence was presented at the hearing concerning retroactive child support. Thus, the Court denied relief as to the issues of conservatorship, possession and retroactive child support, reserving the issues for hearing upon proper petition of either parent or a party with standing and/or interest in said issues.

The court reviewed the petition and the documentary evidence and found the order presented exceeded both the evidence presented and the scope of the authority granted by the statute. The attorney general has not argued or demonstrated that the trial court's determinations on these issues were erroneous.

Even if the trial court erred, the attorney general has not demonstrated any harm from the error. We are not persuaded that the judgment entered is improper. Tex. R. App. P. 44.1(a)(1). We are also not persuaded that the attorney general has demonstrated standing to assert that the court's action deprived the parents of due process. Furthermore, we are not persuaded that the attorney general has demonstrated that the parents were deprived of due process. If either parent was

6

not satisfied with the order that the court entered, the parent had a statutory right to file a motion for new trial. *See* Tex. Fam. Code Ann. § 233.0271(b). We find nothing in the statute that barred either parent from filing a notice of appeal. Neither parent filed a motion for new trial, a notice of appeal, or a brief on appeal.[4] We find no reversible error in the trial court's order.

      Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 29, 2008

---

[4] The father filed a motion for extension of time to file a brief, but then did not file a brief, a motion for further extension, or a response to this Court's clerk's notice of late brief. This cause was set for submission three months after the notice of late brief was sent.